IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SYLVIA SHARP,

    Petitioner,

vs.                                                         Case No. 4:10cv372-WS/WCS

FEDERAL BUREAU OF PRISONS, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2241 PETITION

Petitioner Sharp filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner filed a notice of change of address, doc. 3, and paid the filing fee. Petitioner also filed a motion to admit exhibits in support of the petition, doc. 5, which is denied by separate order.

Petitioner states that this is a "Petition for Damages," as the Bureau of Prisons failed to protect her from harm and she was brutally attacked by another inmate. Doc. 1, pp. 2, 3. She seeks a finding of fault and damages for her injuries and for pain and suffering, and any other relief including fees and costs. Id., pp. 6, 28.

Habeas corpus is the appropriate and exclusive remedy where a prisoner seeks to effect immediate or more speedy release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485-87, 93 S.Ct. 1827, 1834-35, 36 L.Ed.2d 439 (1973).

Petitioner Sharp seeks damages, however. She does not seek immediate or speedier release, nor would she be entitled to it. "The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment . . . is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991), *quoting*, Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990). "Release from confinement is not a possible remedy." 941 F.2d at 1494.

This Petitioner filed a civil rights complaint for damages regarding the same incident. Case No. 4:10cv374-RH/WCS. It may be that she simultaneously filed the complaint and habeas corpus petition[1] as she was unsure which was the appropriate avenue of relief. The civil rights case is currently proceeding,[2] and this case should be summarily dismissed.

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be summarily **DISMISSED** as Petitioner does not state a cognizable claim for habeas corpus relief.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2010.

       S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The habeas corpus petition and initial complaint both bear a certificate of service reflecting that Petitioner mailed them on August 27, 2010. See doc. 1, last page, in this case; doc. 1, last page in 4:10cv374-RH/WCS.

[2] In that case (doc. 9), Petitioner was directed to submit service copies of her amended complaint by November 2, 2010.

Case No. 4:10cv372-WS/WCS

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.